IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT L. LEON, | : | CIVIL ACTION |
|         Plaintiff, | : | |
| | : | No.: |
| v. | : | |
| | : | |
| | : | |
| KIDSPEACE CORPORATION d/b/a | : | |
| KIDSPEACE CHILDREN'S HOSPITAL | ,: | |
| ROBERT BREINER and | : | |
| SCOTT BAER | : | |
|         Defendants. | : | JURY TRIAL DEMANDED |

### AMENDED COMPLAINT

I. **PRELIMINARY STATEMENT**

This is an action for an award for damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Robert Leon (hereinafter "Leon" or "Plaintiff"). Plaintiff was an employee of KidsPeace Corporation d/b/a KidsPeace Children's Hospital, owned and operated by KidsPeace Corporation, (hereinafter collectively "KidsPeace" or Defendant) in Orefield, Pennsylvania, who has been harmed by violations of the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and the Pennsylvania Human Relations Act ("PHRA"), as well as other improper conduct by Defendant, KidsPeace and their agents, servants and representatives, including but not limited to Robert Breiner and Scott Baer (collectively referred to herein as "Individual Defendants.")

II. **JURISDICTION AND VENUE**

    1. The jurisdiction and venue of this Court is invoked in this District pursuant to 28 U.S.C. §1331 as arising under the laws of the United

States, particularly the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA").

2. All conditions precedent to the institution of this suit have been fulfilled. As to the ADA claims, Plaintiff has invoked the procedure set forth in the ADA and has received a Notice of Right to Sue as required by that statute. On June 20, 2008, Plaintiff filed a Charge of Discrimination with the EEOC, which was jointly filed with the Pennsylvania Human Relations Commission, against KidsPeace alleging, *inter alia* disability based employment discrimination and retaliation. On May 27, 2009, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission.

3. This action has been filed within ninety (90) days of receipt of said Notice.

4. More than one year has elapsed since the filing of Plaintiff's Complaint with the PHRC.

### III. PARTIES

5. Plaintiff, Robert Leon, is an adult citizen and resident of the Commonwealth of Pennsylvania, residing at 2166 Aster Road, Bethlehem, Pennsylvania.

6. At all times relevant herein, Plaintiff was employed by Defendant KidsPeace.

7. At all times relevant herein, Robert Leon was an "employee" as defined by the Americans with Disabilities Act, 42 U.S.C. § 12111(4), and is subject to the provisions of said Act.

8. At all times relevant herein, Robert Leon was "disabled" as defined by the Americans with Disabilities Act, 42 U.S.C. §12102 (2), and is subject to the provisions of said Act.

9. At all times relevant herein, Robert Leon was a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. § 12111(8), and is subject to the provisions of said Act.

10. At all times relevant hereto, Plaintiff was an "eligible employee" of Defendant KidsPeace as defined under 29 U.S.C. § 2611(2) of the Family Medical Leave Act.

11. Defendant, KidsPeace, is a Pennsylvania corporation doing business under the laws of the Commonwealth of Pennsylvania with registered offices and a principle place of business at 3438 Route 309, Orefield, Pennsylvania.

12. Defendant Robert Breiner (hereinafter "Breiner") is a resident and citizen of Pennsylvania. At all times relevant to this action, Breiner was a supervisory employee employed by Defendant KidsPeace. At all times relevant hereto, Defendant Breiner was an agent, servant workman and/or employee of Defendant KidsPeace, acting and/or failing to act within the scope, course, and authority of his employment Defendant KidsPeace. At all times relevant, Breiner was acting in his supervisory and/or personal capacity.

13. Defendant Scott Baer (hereinafter "Baer") at all times relevant to this action Baer was the Assistant Supervisor, a supervisory employee

employed by Defendant KidsPeace. At all times relevant hereto, Defendant Baer was an agent, servant workman and/or employee of Defendant KidsPeace, acting and/or failing to act within the scope, course, and authority of her employment Defendant KidsPeace. At all times relevant, Baer was acting in his supervisory and/or personal capacity.

14. At all times relevant herein, KidsPeace was an "employer" and "person" as defined by the Americans with Disabilities Act, 42 U.S.C. § 12111(5)-(7) and is subject to the provisions of said Act.

15. KidsPeace has, acting through its agents, servants and representatives, on more than one occasion, met with Robert Leon and was aware of his disability of severe depression and bi-polar disorder, and his requests for an accommodation due to his disability.

16. At all times relevant hereto, KidsPeace was acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment and under the direct control of KidsPeace.

17. At all times relevant hereto, KidsPeace has continuously been and is now doing business in the Commonwealth of Pennsylvania and has continuously had at least fifty employees within a seventy-five mile radius.

18. At all times relevant hereto, KidsPeace was Plaintiff's "employer" as defined under 29 U.S.C. § 2611(4) (a) of the Family Medical Leave Act.

## IV.   STATEMENT OF CLAIM

19. Plaintiff is a qualified person with a disability, namely depression and bi-polar.

20. Plaintiff was hired by Defendant, KidsPeace as a Painter in Defendant's Orefield facility in March 28, 2006.

21. His supervisors were Defendants Breiner and Baer.

22. Plaintiff continued to work for Defendant KidsPeace until he was fired because of his disabling condition and/or his use of protected medical leave, whether under the FMLA and/or as an accommodation under the ADA, on December 11, 2007.

23. Plaintiff has been discriminated against under the ADA and PHRA due to disability and/or due to being regarded as or perceived as disabled.

24. While Plaintiff's serious mental health conditions, individually and in combination, constitute a disability under the ADA/PHRA, and affect and substantially limit and impair major life functions, Plaintiff is now and always was, at all related times, a qualified individual with a disability and able to do his job with reasonable accommodations.

25. At all relevant times, Plaintiff's supervisors, the Individual Defendants, were told of Plaintiff's disabilities and were specifically made aware of them.

26. At all times, Plaintiff was always able to perform all of the essential functions of his job.

27. From the beginning of his employment with Defendant, Plaintiff disclosed to them that he had been diagnosed with severe depression and bi-polar disorder, and was treating for same.

28. Human Relations met with Plaintiff upon his hire and questioned him about his disclosed disabilities.

29. The condition is one which substantially limits several major life activities, including, but not limited to, thinking, concentrating, sleeping, hygiene and interacting with other people.

30. During his employment, Plaintiff performed his job properly and competently at all times.

31. At no time did Plaintiff exceed twelve (12) weeks sick leave in his last year of employment.

32. Plaintiff between October 2007 and the date of his termination, December 11, 2007, took sick days which were protected both under the ADA, as leave accommodation and under the FMLA.

33. Specifically and without limitation, Plaintiff took sick days in October and November of 2007 as a result of the serious medical condition of bronchitis, pneumonia severe cough and vomiting.  Said leave required multiple doctor's visits and Plaintiff was incapacitated for more than three (3) days as a result of same.

34. When Plaintiff returned to work, he was given a warning.

35. On November 19, 2007, Plaintiff took medical leave for severe depression and bi-polar disorder which the medical leave lasted between November 19, 2007 until November 23, 2007.

36. Both on November 19, 2007 and subsequently before his termination, Plaintiff and his wife specifically advised Defendants Breiner and Baer that Plaintiff was suffering from severe depression and bi-polar disorder and that his leave was related to said disorder. Plaintiff's wife, Donna Leon (hereinafter "Donna Leon") spoke with Defendant Breiner by telephone and told him about Plaintiff's symptoms.

37. When Plaintiff returned to work, he was given another warning.

38. When Plaintiff returned to work, he was summoned to Human Relations. On that day, Plaintiff requested additional leave as a reasonable accommodation of his disabling condition, based upon the advice of his treating physician.

39. Plaintiff offered a medical certification in support of his request.

40. On December 3, 2007, Plaintiff was ill from his medical condition and called in sick. Plaintiff told Defendant Breiner of his symptoms.

41. Plaintiff also told Defendant Breiner that he had his doctor's note for his requested medical leave.

42. Defendant Breiner telephoned Plaintiff that same day and advised him he was being terminated effective December 3, 2007.

43. The aforementioned requested accommodation of additional leave would not have imposed an undue hardship on Defendant.

44. Defendant denied reasonable leave accommodation to Plaintiff, including for the leave of November 19, 2007 to November 23, 2007.

45. Defendant terminated Plaintiff as a result of his leave of November 19, 2007, and as a result of prior medical leave protected under both the

ADA and FMLA.

46. The termination of Plaintiff was in whole or in part retaliation for taking protected leave under the FMLA and/or as a result of Plaintiff requesting reasonable accommodation under the ADA.

47. In addition, since the date of termination, Defendants have retaliated against Plaintiff for his taking protected FMLA leave, and/or request for ADA accommodation in that they have sought to interfere with his obtaining and maintaining subsequent employment.

48. Plaintiff's request qualified as protected medical leave under the FMLA, and as a reasonable accommodation under the ADA.

49. Plaintiff was terminated due to his disabilities and/or for seeking accommodation for his disabilities and/or for seeking and taking medical leave protected under the FMLA.

50. Plaintiff was terminated due to Defendants' mistaken belief that Plaintiff's medical condition was more limiting than it actually was.

51. Plaintiff was terminated in violation of his entitlement to unpaid medical leave as set forth in Defendant KidsPeace's policies.

52. As a direct result of the Individual Defendants' and Defendant KidsPeace conduct, Plaintiff has been irrevocably damaged.

53. As a direct result of the Defendants' above-stated conduct, Plaintiff has suffered on-going back-pay and front-pay losses.

54. As a direct result of the Defendants' above-stated conduct, Plaintiff has suffered and continues to suffer emotional, psychological and physical distress and humiliation.

55. As a direct result of the Defendants' above-stated conduct, Plaintiff's career, professional and job opportunities has been impaired and damaged and he has suffered a loss of earnings and earning capacity.

56. At all times material hereto, Defendants Breiner and Baer, through their actions and inactions, aided and abetted the discriminatory conduct of Defendant KidsPeace.

57. Specifically, both Breiner and Baer were told of Plaintiff's disability and knew or should have known that and disability required engaging in an interactive process under the ADA, to determine whether the leave requested was a reasonable accommodation.

58. Additionally, both Breiner and Baer knew or should have known that the leave taken and/or sought by Plaintiff was protected leave under both the ADA and FMLA, and yet said individual Defendants still utilized said leave to discipline and terminate Plaintiff.

V.   CAUSES OF ACTION

### COUNT I
### PLAINTIFF vs. KIDSPEACE
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

59. Paragraphs 1 through 58 inclusive, are incorporated by reference as if fully set forth at length herein.

60. At all times relevant herein, Plaintiff was disabled and/or regarded as disabled by Defendant and/or had a record of a disability.

61. At all times relevant herein, Plaintiff had, was regarded as or had a record of having a condition that limits major life activities.

62. Plaintiff was able to perform all of the essential functions of his position

with accommodation.

63. By reason of the conduct set forth above, Defendant KidsPeace intentionally, knowingly and purposefully violated the Americans with Disabilities Act by invidiously discriminating against the qualified Plaintiff who had a disability.

64. By its actions and inactions through its agents, servants and representatives, KidsPeace created, maintained and permitted to be maintained a work environment, which was hostile to persons such as Plaintiff who have a record of or are perceived as having a disability.

65. As a direct result of Plaintiff's disability, Defendant terminated Plaintiff's employment.

66. Although Plaintiff made a request for reasonable accommodation of his disabling condition, which accommodation would not have imposed any significant hardship upon Defendant, Defendant failed and refused to provide the requested accommodation and/or failed to engage in an interactive process to determine such an accommodation.

67. Defendant's aforesaid actions were outrageous, egregious, malicious, intentional, willful, wanton and in reckless disregard of Plaintiff's rights.

## COUNT II
## PLAINTIFF vs. KIDSPEACE
## RETALIATION UNDER THE ADA

68. Paragraphs 1 through 67, inclusive, are incorporated by reference as if fully set forth at length herein.

69. By the acts complained of, Defendant KidsPeace has retaliated against Plaintiff for exercising his rights under the Americans with Disabilities

Act in violation of the Act.

70. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

COUNT III
PLAINTIFF vs. KIDSPEACE
VIOLATION OF THE PHRA

71. Paragraphs 1 through 70 inclusive, are incorporated by reference as if fully set forth at length herein.

72. The unlawful actions of Defendant acting as aforesaid, constitutes a violation of Title 43 Pa. Stat. Ann. § 951 et seq. of the Pennsylvania Human Relations Act. The said unlawful practices for which Defendant are liable to Plaintiff include, but are not limited to, denying Plaintiff reasonable accommodation of his disabling condition.

73. As a direct result of the Defendant's willful and unlawful actions in treating Plaintiff in a discriminatory manner solely because of his disability, in violation of Title 43 Pa. Stat. Ann. § 951 et seq. of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

COUNT IV
PLAINTIFF vs. KIDSPEACE
RETALIATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT

74. Paragraphs 1 through 73 inclusive, are incorporated by reference as if fully set forth at length herein.

75. By the acts complained of, Defendant has retaliated against Plaintiff for exercising his rights under the Pennsylvania Human Relations Act in violation of said act.

76. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

### COUNT V
### PLAINTIFF vs. KIDSPEACE
### VIOLATION OF FAMILY AND MEDICAL LEAVE ACT ("FMLA")

77. Paragraphs 1 through 76 inclusive, are incorporated by reference as if fully set forth at length herein.

78. Defendant's actions as set forth above constitute a violation of the Family and Medical Leave Act in that they constituted interference with Plaintiff's rights under the FMLA, constituted discrimination under the FMLA and/or constituted retaliation under the FMLA.

79. The willful violation of Plaintiff's rights under the Act were done in the absence of good faith and reasonable grounds and this Court must award Plaintiff liquidated damages pursuant to 29 U.S.C. §2617(a).

### COUNT VI
### PLAINTIFF
### vs.
### ROBERT BREINER and SCOTT BAER
### AIDING AND ABETTING
### DISCRIMINATION AND RETALIATION UNDER THE PHRA

80. Paragraphs 1 through 79 inclusive, are incorporated by reference as if fully set forth at length herein.

81. The unlawful actions of Defendants acting as aforesaid, constitutes a violation of Title 43 Pa. Stat. Ann. § 951 et seq. of the Pennsylvania Human Relations Act.  The said unlawful practices for which Defendants are liable to Plaintiff include, but are not limited to denying Plaintiff reasonable accommodation for a disabling condition.

82. As a direct result of the Defendants' willful and unlawful actions in treating Plaintiff in a discriminatory manner solely because of her disability, in violation of Title 43 Pa. Stat. Ann. § 951 et seq. of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

### STATEMENT OF FACTS JUSTIFYING THE IMPOSITION OF PUNITIVE/LIQUIDATED DAMAGES

83. Paragraphs 1 through 82 inclusive, are incorporated by reference as if fully set forth at length herein.

84. At all times relevant hereto, Defendant KidsPeace knew or should have known of the pattern of conduct in which the Individual Defendant(s), some or all of whom constitute the "management" of Defendant, had engaged and in which they continued to engage.

85. At all times relevant hereto, Defendant KidsPeace knew or should have known that the aforesaid pattern of conduct was in violation of law and Defendant KidsPeace stated policies and terms of employment.

86. Despite such knowledge Defendant KidsPeace failed to adequately investigate, discipline or discharges its agents, servants and representatives who created a hostile work environment, harassed and subjected Plaintiff to a hostile work environment.

87. Defendants failed and refused to properly protect and support Plaintiff and in fact subject or permitted him to be subjected to further ethnic harassment.

88. At all times relevant hereto, Defendants acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and well being of the Plaintiff.

## V. PRAYER FOR RELIEF

89. Paragraphs 1 through 88 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff respectfully requests the Court to:

a. Exercise jurisdiction over his claim;

b. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

c. Award compensatory damages, including but not limited to reimbursement of all medical and psychological expenses; back pay and future earnings and loss of earning capacity in the amount of wages and benefits; damages for his mental, psychological and emotional injuries, anguish, humiliation, anxiety, physical and mental pain and suffering and loss of life's pleasures, all of which may be

permanent, together with interest, resulting from Defendants' discriminatory and unlawful conduct;

d. Award Plaintiff back pay , front pay and compensatory damages;

e. Award punitive and/or liquidated damages as may be permitted under law;

f. Award Plaintiff attorneys' fees and costs; and

g. Grant such other relief, as the Court deems just and equitable.

JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.


HAHALIS & KOUNOUPIS, P.C.


By:_____
   GEORGE S. KOUNOUPIS, ESQUIRE
   DAVID L. DERATZIAN, ESQUIRE
    20 East Broad Street
    Bethlehem, PA  18018
    (610) 865-2608
    Attorneys for Plaintiff,
    Robert Leon

Date: November 17, 2009