### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT L. LEON,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No.:  09-CV-3872** |
| **v.** | : | |
| | : | |
| | : | |
| **KIDSPEACE CORPORATION d/b/a** | : | |
| **KIDSPEACE CHILDREN'S HOSPITAL,** | : | |
| **ROBERT BREINER and** | : | |
| **SCOTT BAER** | : | |
| **Defendants.** | : | **JURY TRIAL DEMANDED** |

### <u>SECOND AMENDED COMPLAINT</u>

## I.  <u>PRELIMINARY STATEMENT</u>

This is an action for an award for damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Robert Leon (hereinafter "Leon" or "Plaintiff"). Plaintiff was an employee of KidsPeace Corporation d/b/a KidsPeace Children's Hospital, owned and operated by KidsPeace Corporation, (hereinafter collectively "KidsPeace" or Defendant) in Orefield, Pennsylvania, who has been harmed by violations of the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and the Pennsylvania Human Relations Act ("PHRA"), as well as other improper conduct by Defendant, KidsPeace and their agents, servants and representatives, including but not limited to Robert Breiner and Scott Baer (collectively referred to herein as "Individual Defendants.").

## II.  <u>JURISDICTION AND VENUE</u>

1.  The jurisdiction and venue of this Court is invoked in this District pursuant to 28 U.S.C. §1331 as arising under the laws of the United States, particularly the Americans with Disabilities Act ("ADA"), and the Family

and Medical Leave Act ("FMLA").

2. All conditions precedent to the institution of this suit have been fulfilled. As to the ADA claims, Plaintiff has invoked the procedure set forth in the ADA and has received a Notice of Right to Sue as required by that statute. On June 20, 2008, Plaintiff filed a Charge of Discrimination with the EEOC, which was jointly filed with the Pennsylvania Human Relations Commission, against KidsPeace alleging, *inter alia* disability based employment discrimination and retaliation.  On May 27, 2009, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission.

3. This action has been filed within ninety (90) days of receipt of said Notice.

4. More than one year has elapsed since the filing of Plaintiff's Complaint with the PHRC.

III.   **PARTIES**

5. Plaintiff,   Robert Leon, is an adult citizen and resident of the Commonwealth of Pennsylvania, residing at 2166 Aster Road, Bethlehem, Pennsylvania.

6.  At all times relevant herein, Plaintiff was employed by Defendant KidsPeace.

7. At all times relevant herein, Robert Leon was an "employee" as defined by the Americans with Disabilities Act, 42 U.S.C. § 12111(4), and is subject to the provisions of said Act.

8.  At all times relevant herein, Robert Leon was "disabled" as defined by the Americans with Disabilities Act, 42 U.S.C. §12102 (2), and is subject to the provisions of said Act.

9.  At all times relevant herein, Robert Leon was a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. § 12111(8), and is subject to the provisions of said Act.

10. At all times relevant hereto, Plaintiff was an "eligible employee" of Defendant KidsPeace as defined under 29 U.S.C. § 2611(2) of the Family Medical Leave Act.

11. Defendant, KidsPeace, is a Pennsylvania corporation doing business under the laws of the Commonwealth of Pennsylvania with registered offices and a principle place of business at 3438 Route 309, Orefield, Pennsylvania. At all relevant times hereto, KidsPeace has had over 50 employees.

12. Defendant Robert Breiner (hereinafter "Breiner") is a resident and citizen of Pennsylvania.  At all times relevant to this action, Breiner was a supervisory employee employed by Defendant KidsPeace.  At all times relevant hereto, Defendant Breiner was an agent, servant workman and/or employee of Defendant KidsPeace, acting and/or failing to act within the scope, course, and authority of his employment Defendant KidsPeace.  At all times relevant, Breiner was acting in his supervisory and/or personal capacity.

13. Defendant Scott Baer (hereinafter "Baer") at all times relevant to this action Baer was the Assistant Supervisor, a supervisory employee

employed by Defendant KidsPeace.  At all times relevant hereto, Defendant Baer was an agent, servant workman and/or employee of Defendant KidsPeace, acting and/or failing to act within the scope, course, and authority of her employment Defendant KidsPeace.  At all times relevant, Baer was acting in his supervisory and/or personal capacity.

14. At all times relevant herein, KidsPeace was an "employer" and "person" as defined by the Americans with Disabilities Act, 42 U.S.C. § 12111(5)-(7) and is subject to the provisions of said Act.

15. KidsPeace has, acting through its agents, servants and representatives, on more than one occasion, met with Robert Leon and was aware of his disability of severe depression and bi-polar disorder, and his requests for an accommodation due to his disability.

16. At all times relevant hereto, KidsPeace was acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment and under the direct control of KidsPeace.

17. At all times relevant hereto, KidsPeace has continuously been and is now doing business in the Commonwealth of Pennsylvania and has continuously had at least fifty employees within a seventy-five mile radius of Plaintiff's place of employment referred to herein.

18. At all times relevant hereto, KidsPeace was Plaintiff's "employer" as defined under 29 U.S.C. § 2611(4) (a) of the Family Medical Leave Act.

## IV.    STATEMENT OF CLAIM

19. Plaintiff is a qualified person with a disability, namely depression and bi-polar disorder.

20. Plaintiff was hired by Defendant, KidsPeace as a Painter in Defendant's Orefield facility in March 28, 2006.

21. His supervisors were Defendants Breiner and Baer.

22. Plaintiff continued to work for Defendant KidsPeace until he was fired on December 11, 2007.

23. Plaintiff has been discriminated against under the ADA and PHRA due to disability and/or due to being regarded as or perceived as disabled.

24. While Plaintiff's serious mental health conditions, individually and in combination, constitute a disability under the ADA/PHRA, and affect and substantially limit and impair major life functions, Plaintiff is now and always was, at all related times, a qualified individual with a disability and able to do his job with reasonable accommodations.

25. At all relevant times, Plaintiff's supervisors, the Individual Defendants, were told of Plaintiff's disabilities of depression and of bipolar disorder and were specifically made aware of them.

26. At all times, Plaintiff was always able to perform all of the essential functions of his job.

27. From the beginning of his employment with Defendant, Plaintiff disclosed to them that he had been diagnosed with severe depression and bi-polar disorder, and was treating for same.

28. Defendants' Human Relations department met with Plaintiff upon his hire and questioned him about his disclosed disabilities. Breiner and Baer were made aware of this H.R. meeting and the discussions with Plaintiff. Plaintiff told Defendants' Human Relations department that he suffered from depression and bipolar disorder.

29. The condition (depression and bipolar disorder) is one which substantially limits several major life activities, including, but not limited to, thinking, concentrating, sleeping, hygiene and interacting with other people.

30. Plaintiff's disability of severe depression and bipolar disorder is also a "serious medical condition" under the FMLA since it is chronic and regular and regularly incapacitates Plaintiff for more than three days and requires ongoing medical treatment.

31. During his employment, Plaintiff performed his job properly and competently at all times.

32. At no time did Plaintiff exceed twelve (12) weeks sick leave in his last year of employment.

**THE OCTOBER 29, 2007 TO NOVEMBER 6, 2007 FMLA LEAVE**

33. Plaintiff took eight (8) sick days from October 29, 2007 to November 6, 2007 as a result of the serious medical condition of bronchitis, pneumonia severe cough and vomiting. Said leave required multiple doctor's visits (more than two) and Plaintiff was incapacitated for more than three (3) days as a result of same.

34. This sick leave was leave to which Plaintiff was entitled to under the FMLA. This sick leave was for a "serious medical condition", namely the bronchitis, pneumonia, severe cough and vomiting.

35. Upon Plaintiff's return to employment, from the above-stated FMLA-protected sick leave (of October 29, 2007 to November 6, 2007), Plaintiff was disciplined for taking said FMLA sick leave with a warning.

36. Baer and Breiner issued such warning and collectively made the decision to issue such warning.

37. The above-stated warning, referred to in the above paragraph 34, constituted FMLA retaliation and Baer and Breiner committed that FMLA retaliation. The reason that this warning constituted FMLA retaliation was because the October 29, 2007 to November 6, 2007 leave was FMLA-protected leave and therefore Plaintiff could not be disciplined due to same.

### THE NOVEMBER 19, 2007 TO NOVEMBER 26, 2007 ADA
### AND FMLA QUALIFIED LEAVE

38. On November 19, 2007, Plaintiff sought and took medical leave for severe depression and bi-polar disorder which medical leave lasted from November 19, 2007 until November 26, 2007.

39. On November 19, 2007, Plaintiff and his wife specifically advised Defendants Breiner and Baer that Plaintiff was suffering from severe depression and bi-polar disorder and that his requested and sought leave (between November 19, 2007 to November 26, 2007) was related to said

disorder.

40. Plaintiff's wife, Donna Leon (hereinafter "Donna Leon"), specifically on November 19, 2007, spoke with Defendants Breiner and Baer by telephone and told them about Plaintiff's need for leave, starting on November 19, 2007 due to Plaintiff's depression and bipolar disorder.

41. This request for leave set forth in paragraph 39 above constituted a request for reasonable accommodation under the ADA since it related to the disability of depression and bipolar disorder; and under the ADA leave is a form of reasonable accommodation.

42. When Plaintiff returned to work on November 27, 2007 (from the above stated (paragraph 39) leave due to depression and bipolar disorder, which leave was between November 19, 2007 to November 26, 2007) he was disciplined by Defendants Breiner and Baer for taking such leave, which discipline was in the form of a warning. This warning was decided upon and imposed by both Breiner and Baer.

43. This warning constituted retaliation under the ADA, since the leave of November 19, 2007 to November 26, 2007 was leave to which Plaintiff was entitled as a reasonable accommodation under the ADA and therefore Plaintiff could not be retaliated against as a result of taking such leave.

44. The warning imposed by Breiner and Baer on November 27, 2007, also constituted FMLA retaliation since the Plaintiff's leave of November 19, 2007 through November 26, 2007 constituted FMLA protected leave as well.

45. At the time of his return from the above-stated ADA protected leave (on November 27, 2007), Plaintiff was summoned to Defendants' Human Resources department where he advised Defendants Breiner and Baer and an individual named Pam (LNU) (Human Resources supervisor) that his leave (November 19, 2007 to November 26, 2007) was related to his depression and bipolar disorder and that he might need additional leave for said condition in the future.

**THE ADA LEAVE ACCOMMODATION REQUEST ON DECEMBER 3, 2007, WHICH REQUEST WAS ALSO FOR QUALIFYING FMLA LEAVE**

46. On December 3, 2007, Plaintiff required leave due to his disability of depression and bipolar disorder. Plaintiff told Defendant Breiner of his symptoms due to the depression and bipolar disorder and that, as a result of same, he needed leave as an accommodation.

47. Plaintiff also told Defendant Breiner that he could provide a doctor's note for his requested medical leave starting on December 3, 2007 due to depression and bipolar disorder.

48. Defendant Breiner telephoned Plaintiff that same day December 3, 2007 and advised him he was being terminated effective December 3, 2007 because of his need for leave and his requested December 3, 2007 leave Breiner and Baer were both involved in the decision to terminate Plaintiff.

49. The aforementioned requested accommodation of additional leave would not have imposed an undue hardship on Defendants.

50. Defendants denied reasonable leave accommodation to Plaintiff, because,

instead of granting him the leave requested on December 3, 2007 (due to his ADA disability of depression and bipolar disorder) and engaging in the interactive process to determine if said leave was reasonable and/or an undue hardship, they, instead, denied said accommodation to Plaintiff by terminating Plaintiff on December 3, 2007.

51. In addition, since the leave request for December 3, 2007, for the depression and bipolar disorder condition, was also a serious medical condition under the FMLA, denial of said leave (by terminating Plaintiff instead) constituted interference with Plaintiff's FMLA rights.

52. The termination of Plaintiff, on December 3, 2007 involved the joint decision of Breiner and Baer who, instead of engaging in the interactive process to determine reasonable accommodation in the form of leave to Plaintiff, denied him such accommodation and terminated him instead.

53. Plaintiff's leave of October 29, 2007 through November 6, 2007, due to his serious medical conditions of pneumonia/bronchitis, was FMLA protected leave. The discipline, in the form of a warning to Plaintiff, upon his return November 7, 2007, was retaliation in violation of the FMLA.

54. Plaintiff's leave of November 18, 2007 through November 26, 2007 due to his severe depression and bipolar condition, was both ADA and FMLA protected leave. As a result, Plaintiff's discipline and warning on November 27, 2007 was unlawful retaliation under both the ADA and FMLA.

55. Plaintiff's request for medical leave as an accommodation to his disability

of depression and bipolar disorder on December 3, 2007, was both a proper request for accommodation under the ADA and a request for FMLA protected leave, since the depression/bipolar condition is not only an ADA disability but also a "serious medical condition" under the FMLA.

56. The denial of the December 3, 2007 leave request, and termination of Plaintiff, constituted both an ADA violative refusal of accommodation and an FMLA interference claim.

57. Plaintiff in the alternative was terminated also due to Defendants' mistaken belief that Plaintiff's medical condition of depression and bipolar disorder was more limiting than it actually was.

58. As a direct result of the Individual Defendants' and Defendant KidsPeace conduct, Plaintiff has been irrevocably damaged.

59. As a direct result of the Defendants' above-stated conduct, Plaintiff has suffered on-going back-pay and front-pay losses.

60. As a direct result of the Defendants' above-stated conduct, Plaintiff has suffered and continues to suffer emotional, psychological and physical distress and humiliation.

61. As a direct result of the Defendants' above-stated conduct, Plaintiff's career, professional and job opportunities has been impaired and damaged and he has suffered a loss of earnings and earning capacity.

62. At all times material hereto, Defendants Breiner and Baer, through their actions and inactions, aided and abetted the discriminatory conduct of Defendant KidsPeace.

63. Specifically, both Breiner and Baer were told of Plaintiff's disability and knew or should have known that said disability required engaging in an interactive process under the ADA in response to a leave request, to determine whether the leave requested was a reasonable accommodation.

64. Additionally, both Breiner and Baer knew or should have known that the leave taken and/or sought to be taken by Plaintiff was protected leave under both the ADA and FMLA, and yet said individual Defendants still utilized said leave to discipline Plaintiff.  Breiner and Baer denied Plaintiff leave and retaliated against Plaintiff.

## V.    CAUSES OF ACTION

**COUNT I**
**PLAINTIFF vs. KIDSPEACE**
**<u>VIOLATION OF THE AMERICANS WITH DISABILITIES ACT</u>**

65. Paragraphs 1 through 64 inclusive, are incorporated by reference as if fully set forth at length herein.

66. Plaintiff's leave of November 18, 2007 through November 26, 2007 due to his severe depression and bipolar condition, was ADA protected leave. As a result, Plaintiff's discipline and warning on November 27, 2007 was unlawful retaliation under the ADA.

67. Plaintiff's request for medical leave as an accommodation to his disability of depression and bipolar disorder on December 3, 2007, was a proper request for accommodation under the ADA, since the depression/bipolar condition is an ADA disability.

68. The denial of the December 3, 2007 leave request, and termination of

Plaintiff, constituted an ADA violative refusal of accommodation.

69. At all times relevant herein, Plaintiff was disabled and/or regarded as disabled by Defendant and/or had a record of a disability.

70. At all times relevant herein, Plaintiff had, was regarded as or had a record of having a condition that limits major life activities.

71. Plaintiff was able to perform all of the essential functions of his position with accommodation.

72. By reason of the conduct set forth above, Defendant KidsPeace intentionally, knowingly and purposefully violated the Americans with Disabilities Act by invidiously discriminating against the qualified Plaintiff who had a disability, including by denying him reasonable accommodation.

73. As a direct result of Plaintiff's disability and request for accommodation due to said disability, Defendant terminated Plaintiff's employment.

74. Although Plaintiff made a request for reasonable accommodation of his disabling condition, which accommodation would not have imposed any significant hardship upon Defendant, Defendant failed and refused to provide the requested accommodation and/or failed to engage in an interactive process to determine such an accommodation.

75. Defendant's aforesaid actions were outrageous, egregious, malicious, intentional, willful, wanton and in reckless disregard of Plaintiff's rights.

**COUNT II**
**PLAINTIFF vs. KIDSPEACE**
<u>**RETALIATION UNDER THE ADA**</u>

76. Paragraphs 1 through 75, inclusive, are incorporated by reference as if fully set forth at length herein.

77. By the acts complained of, Defendant KidsPeace has retaliated against Plaintiff for exercising his rights under the Americans with Disabilities Act in violation of the Act.

78. Plaintiff's leave of November 18, 2007 through November 26, 2007 due to his severe depression and bipolar condition, was ADA protected leave. As a result, Plaintiff's discipline and warning on November 27, 2007 was unlawful retaliation under the ADA.

79. Plaintiff's request for medical leave as an accommodation to his disability of depression and bipolar disorder on December 3, 2007, was a proper request for accommodation under the ADA, since the depression/bipolar condition is an ADA disability.

80. The denial of the December 3, 2007 leave request, and termination of Plaintiff, constituted an ADA violative refusal of accommodation.

81. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

## COUNT III
## PLAINTIFF vs. KIDSPEACE
## VIOLATION OF THE PHRA

82. Paragraphs 1 through 81 inclusive, are incorporated by reference as if fully set forth at length herein.

83. Plaintiff's leave of November 18, 2007 through November 26, 2007 due to his severe depression and bipolar condition, was PHRA disability protected leave. As a result, Plaintiff's discipline and warning on November 27, 2007 was unlawful retaliation under the PHRA.

84. Plaintiff's request for medical leave as an accommodation to his disability of depression and bipolar disorder on December 3, 2007, was a proper request for accommodation under the PHRA, since the depression/bipolar condition is an ADA/PHRA disability.

85. The denial of the December 3, 2007 leave request, and termination of Plaintiff, constituted an ADA/PHRA violative refusal of accommodation.

86. The unlawful actions of Defendant acting as aforesaid, constitute a violation of Title 43 Pa. Stat. Ann. § 951 et seq. of the Pennsylvania Human Relations Act.  The said unlawful practices for which Defendant are liable to Plaintiff include, but are not limited to, denying Plaintiff reasonable accommodation of his disabling condition.

87. As a direct result of the Defendant's willful and unlawful actions in treating Plaintiff in a discriminatory manner solely because of his disability, in violation of Title 43 Pa. Stat. Ann. § 951 et seq. of the Pennsylvania Human Relations Act, Plaintiff has sustained severe

emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

**COUNT IV**
**PLAINTIFF vs. KIDSPEACE**
**RETALIATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT**

88. Paragraphs 1 through 87 inclusive, are incorporated by reference as if fully set forth at length herein.

89. Plaintiff's leave of November 18, 2007 through November 26, 2007 due to his severe depression and bipolar condition, was both ADA and PHRA protected leave. As a result, Plaintiff's discipline and warning on November 27, 2007 was unlawful retaliation under both the ADA and the PHRA.

90. Plaintiff's request for medical leave as an accommodation to his disability of depression and bipolar disorder on December 3, 2007, was a proper request for accommodation under the ADA/PHRA, since the depression/bipolar condition is an ADA disability.

91. The denial of the December 3, 2007 leave request, and termination of Plaintiff, constituted an ADA violative refusal of accommodation.

92. By the acts complained of, Defendant has retaliated against Plaintiff for exercising his rights under the Pennsylvania Human Relations Act in violation of said act.

93. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless

and until this Court grants relief.

**COUNT V**
**PLAINTIFF vs. KIDSPEACE**
**VIOLATION OF FAMILY AND MEDICAL LEAVE ACT ("FMLA")**

94. Paragraphs 1 through 93 inclusive, are incorporated by reference as if fully set forth at length herein.

95. Plaintiff took eight (8) sick days from October 29, 2007 to November 6, 2007 as a result of the serious medical condition of bronchitis, pneumonia severe cough and vomiting.  Said leave required multiple doctor's visits (more than two) and Plaintiff was incapacitated for more than three (3) days as a result of same.

96. This sick leave was leave to which Plaintiff was entitled to under the FMLA. This sick leave was for a "serious medical condition", namely the bronchitis, pneumonia, severe cough and vomiting.

97. Upon Plaintiff's return to employment, from the above-stated FMLA-protected sick leave (of October 29, 2007 to November 6, 2007), Plaintiff was disciplined for taking said FMLA sick leave with a warning.

98. Baer and Breiner issued such warning and collectively made the decision to issue such warning.

99. The above-stated warning, referred to in the above paragraphs 97 and 98, constituted FMLA retaliation and Baer and Breiner committed that FMLA retaliation. The reason that this warning constituted FMLA retaliation was because the October 29, 2007 to November 6, 2007 leave was FMLA-protected leave and therefore Plaintiff could not be disciplined due to

same.

100.    On November 19, 2007, Plaintiff sought and took medical leave for severe depression and bi-polar disorder which medical leave lasted from November 19, 2007 until November 26, 2007.

101.    On November 19, 2007, Plaintiff and his wife specifically advised Defendants Breiner and Baer that Plaintiff was suffering from severe depression and bi-polar disorder and that his requested and sought leave (between November 19, 2007 to November 26, 2007) was related to said disorder.

102.    Plaintiff's wife, Donna Leon (hereinafter "Donna Leon"), specifically on November 19, 2007, spoke with Defendants Breiner and Baer by telephone and told them about Plaintiff's need for leave, starting on November 19, 2007 due to Plaintiff's depression and bipolar disorder.

103.    This request for leave set forth in paragraphs 100-102 above constituted a qualified and protected leave under the FMLA since it related to the disability of depression and bipolar disorder, which is also a "serious medical condition" under the FMLA.

104.    When Plaintiff returned to work on November 27, 2007, from the above stated (paragraph 100) leave due to depression and bipolar disorder, which leave was between November 19, 2007 to November 26, 2007, he was disciplined by Defendants for taking such leave, which discipline was in the form of a warning. This warning was decided upon and imposed by both Breiner and Baer.

105.    This warning constituted retaliation under the FMLA, since the leave
        of November 19, 2007 to November 26, 2007 was leave to which Plaintiff
        was entitled to under the FMLA and therefore Plaintiff could not be
        retaliated against as a result of taking such leave.

106.    The warning imposed by Breiner and Baer on November 27, 2007,
        constituted FMLA retaliation since the Plaintiff's leave of November 19,
        2007 through November 26, 2007 constituted FMLA protected leave.

107.    At the time of his return from the above-stated FMLA and ADA
        protected leave (on November 19, 2007), Plaintiff was summoned to
        Defendants' Human Resources department where he advised Defendants
        Breiner and Baer and an individual named Pam (LNU) (Human Resources
        supervisor) title that his leave (November 19, 2007 to November 26,
        2007) was related to his depression and bipolar disorder and that he
        might need additional leave for said condition in the future.

108.    On December 3, 2007, Plaintiff required leave due to his disability of
        depression and bipolar disorder. Plaintiff told Defendant Breiner of his
        symptoms due to the depression and bipolar disorder and that, as a result
        of same, he needed leave as an accommodation.

109.    Plaintiff also told Defendant Breiner that he could provide a doctor's
        note for his requested medical leave starting on December 3, 2007 due to
        depression and bipolar disorder.

110.    Defendant Breiner telephoned Plaintiff that same day December 3,
        2007 and advised him he was being terminated effective December 3,

2007. Breiner and Baer were both involved in the decision to terminate Plaintiff.

111.     The leave request for December 3, 2007 was for the depression and bipolar disorder condition, which was a serious medical condition under the FMLA, so that denial of said leave (by terminating Plaintiff instead) constituted interference with Plaintiff's FMLA rights.

112.     The termination of Plaintiff, on December 3, 2007 involved the decision of Breiner and Baer who denied him such FMLA leave and terminated him instead.

113.     Defendant's actions as set forth above constitute a violation of the Family and Medical Leave Act in that they constituted denial of and interference with Plaintiff's rights under the FMLA, constituted discrimination under the FMLA and/or constituted retaliation under the FMLA.

114.     The willful violation of Plaintiff's rights under the Act were done in the absence of good faith and reasonable grounds and this Court must award Plaintiff liquidated damages pursuant to 29 U.S.C. §2617(a).

**COUNT VI**
**PLAINTIFF**
**vs.**
**ROBERT BREINER and SCOTT BAER**
**AIDING AND ABETTING**
**DISCRIMINATION AND RETALIATION UNDER THE PHRA**

115.     Paragraphs 1 through 114 inclusive, are incorporated by reference as if fully set forth at length herein.

116.     The unlawful actions of Defendants acting as aforesaid, constitutes a

violation of Title 43 Pa. Stat. Ann. § 951 et seq. of the Pennsylvania Human Relations Act. The said unlawful practices for which Defendants are liable to Plaintiff include, but are not limited to denying Plaintiff reasonable accommodation for a disabling condition.

117.    Both Breiner and Baer determined and imposed the discipline on Plaintiff on November 27, 2007 for taking qualified ADA/PHRA leave, which discipline was unlawful retaliation.

118.    Both Breiner and Baer determined and imposed the decision to deny Plaintiff the leave accommodation request on December 3, 2007 which denial constituted a refusal to engage in the interactive process and a denial of reasonable accommodation under the ADA.

119.    Both Breiner and Baer retaliated against Plaintiff by terminating Plaintiff in response to his ADA/PHRA protected leave accommodation request.

120.    As a direct result of the Defendants' willful and unlawful actions in treating Plaintiff in a discriminatory manner solely because of his disability, in violation of Title 43 Pa. Stat. Ann. § 951 et seq. of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

**STATEMENT OF FACTS JUSTIFYING**
**THE IMPOSITION OF PUNITIVE/LIQUIDATED DAMAGES**

121.     Paragraphs 1 through 120 inclusive, are incorporated by reference as if fully set forth at length herein.

122.     At all times relevant hereto, Defendant KidsPeace knew or should have known of the pattern of conduct in which the Individual Defendant(s), some or all of whom constitute the "management" of Defendant, had engaged and in which they continued to engage.

123.     At all times relevant hereto, Defendant KidsPeace knew or should have known that the aforesaid pattern of conduct was in violation of law and Defendant KidsPeace stated policies and terms of employment.

124.     Despite such knowledge Defendant KidsPeace failed to adequately investigate, discipline or discharges its agents, servants and representatives who acted with reckless indifference to Plaintiff's ADA and FMLA rights.

125.     Defendants failed and refused to properly protect and support Plaintiff and refused to engage in the interactive process to determine reasonable accommodation and to grant Plaintiff ADA and/or FMLA leave even though they knew Plaintiff was entitled to same.

126.     At all times relevant hereto, Defendants acted willfully, wantonly, recklessly and with an reckless disregard and indifference to the rights, safety and well being of the Plaintiff.

### V.  **PRAYER FOR RELIEF**

127.     Paragraphs 1 through 126 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff respectfully requests the Court to:

a.  Exercise jurisdiction over his claim;

b.  Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

c.  Award compensatory damages, including but not limited to reimbursement of all medical and psychological expenses; back pay and future earnings and loss of earning capacity in the amount of wages and benefits; damages for his mental, psychological and emotional injuries, anguish, humiliation, anxiety, physical and mental pain and suffering and loss of life's pleasures, all of which may be permanent, together with interest, resulting from Defendants' discriminatory and unlawful conduct;

d.  Award Plaintiff back pay , front pay and compensatory damages;

e.  Award punitive and/or liquidated damages as may be permitted under law;

f.  Award Plaintiff attorneys' fees and costs; and

g.  Grant such other relief, as the Court deems just and equitable.

### **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

HAHALIS & KOUNOUPIS, P.C.


By:_____
    GEORGE S. KOUNOUPIS, ESQUIRE
20 East Broad Street
Bethlehem, PA  18018
(610) 865-2608
 Attorneys for Plaintiff,
    Robert Leon

Date: February 9, 2010