IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

ROBERT L. LEON,         :
                                  :
        Plaintiff,      :       No. 09-CV-3872
                                    :
          v.            :
                                    :
KIDSPEACE CHILDREN'S   :       JURY TRIAL DEMANDED
HOSPITAL, ROBERT BREINER  :
AND SCOTT BAER        :
                                    :
        Defendants.     :

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**I.     PRELIMINARY STATEMENT**

This preliminary statement is a conclusion of law to which no answer is required. To the extent an answer is required, this statement is denied and strict proof thereof is demanded at the time of trial.

**II.    JURISDICTION AND VENUE**

1.     This averment is a conclusion of law to which no answer is required. To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

2.     This averment is a conclusion of law to which no answer is required. To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

3.     Admitted.

4.     Admitted.

## III.   PARTIES

5.      Admitted.

6.      Admitted.

7.      This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

8      This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

9.      This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

10.      This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

11.      Admitted.

12.      Admitted in part.  It is admitted only that Robert Breiner is a resident and citizen of Pennsylvania and that he was a supervisory employee employed by Defendant Kidspeace.   The remaining averments contained in paragraph 12 are conclusions of law to which no answer is required.  To the extent an answer is required, these averments are denied and strict proof thereof is demanded at the time of trial.

2

13.     Denied as stated.  It is admitted only that at all times relevant to this action, Baer was employed as an assistant supervisor.  The remaining averments contained in paragraph 13 are conclusions of law to which no answer is required.  To the extent an answer is required, these averments are denied and strict proof thereof is demanded at the time of trial.

14.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

15.     Denied.  Strict proof thereof is demanded at the time of trial.

16.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

17.     Admitted.

18.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

## IV.    STATEMENT OF CLAIM

19.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

20.     Admitted in part, denied in part.  It is admitted that Plaintiff was hired by Defendant Kidspeace as a painter in Defendant's Orefield facility.  It is denied that Plaintiff was hired on March 28, 2006.  Plaintiff was hired on March 27, 2006.

21.     Admitted.

22.     Admitted in part, denied in part.   It is admitted that Plaintiff was employed by Defendant Kidspeace until he was fired on December 5, 2007.  It is denied that Plaintiff continually worked until December 5, 2007.   Strict proof thereof is demanded at the time of trial.

23.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

24.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

25.     Denied.  Strict proof thereof is demanded at the time of trial.

26.     Admitted.

27.     Denied.  Strict proof thereof is demanded at the time of trial.

28.     Denied.  Strict proof thereof is demanded at the time of trial.

29.     After reasonable investigation Answering Defendants are unable to admit or deny the allegations contained in paragraph 29 of Plaintiff's Second Amended Complaint and same are therefore denied.  Strict proof thereof is demanded at the time of trial.

30.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

31.     Admitted.

32.     Admitted.

33.     Denied as stated.  It is admitted that Plaintiff took eight sick days from October 26, 2007 through November 6, 2007.  It is further admitted that the reason given by Plaintiff's doctor for Plaintiff's absences was bronchitis, possible pneumonia, severe cough and vomiting.   As to whether the above conditions constitute a serious medical condition that is a conclusion of law to which no answer is required and strict proof thereof is demanded at the time of trial.  Further, as to whether Plaintiff's leave required multiple doctor visits (more than two) and whether Plaintiff was incapacitated for more than three days as a result of same, after reasonable investigation, Answering Defendants are unable to admit or deny said allegations and same are therefore denied. Strict proof thereof is demanded at the time of trial.

34.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

35.     Denied as stated.   It is admitted that upon Plaintiff's return to employment from sick leave (from October 26, 2007 to November 6, 2007), Plaintiff was issued a warning for excessive absenteeism.  It is denied that Plaintiff was disciplined for taking FMLA sick leave.  Strict proof thereof is demanded at the time of trial.  As to

whether Plaintiff's absence constituted FMLA protected sick leave, that is a conclusion of law to which no answer is required.  To the extent an answer is required, that averment is denied and strict proof thereof is demanded at the time of trial.

36.     Denied.  Strict proof thereof is demanded at the time of trial.

37.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

38.     Denied.  Strict proof thereof is demanded at the time of trial.

39.     Denied.  Strict proof thereof is demanded at the time of trial.

40.     Denied.  Strict proof thereof is demanded at the time of trial.

41.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

42.     Denied as stated.  It is admitted only that Plaintiff returned to work on November 26, 2007.  It is denied that Plaintiff was out of work due to depression and bipolar disorder.  It is denied that Plaintiff was disciplined for taking leave.  It is admitted only that Plaintiff was disciplined by Breiner and Baer for excessive absenteeism and failure to provide a written doctor's excuse.

43.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

44.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

45.     Denied.  Strict proof thereof is demanded at the time of trial.

46.     Denied.  Strict proof thereof is demanded at the time of trial.

47.     Denied.  Strict proof thereof is demanded at the time of trial.

48.     Denied.  Strict proof thereof is demanded at the time of trial.

49.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

50.     Denied.  Strict proof thereof is demanded at the time of trial.

51.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

52.     Denied.  Strict proof thereof is demanded at the time of trial.

53.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

54.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

55.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

56.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

57.     Denied.  Strict proof thereof is demanded at the time of trial.

58.     Denied.  Strict proof thereof is demanded at the time of trial.

59.     Denied.  Strict proof thereof is demanded at the time of trial.

60.     Denied.  Strict proof thereof is demanded at the time of trial.

61.     Denied.  Strict proof thereof is demanded at the time of trial.

62.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

63.     Denied.  Strict proof thereof is demanded at the time of trial.

64.     Denied.  Strict proof thereof is demanded at the time of trial.

## V.   CAUSES OF ACTION

### COUNT I
### PLAINTIFF vs. KIDSPEACE
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

65.     Answering Defendants incorporate by reference their answers to paragraphs 1 through 64 of Plaintiff's Second Amended Complaint as though the same were more fully set forth herein at length.

66.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

67.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

68.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

69.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

70.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

71.     After reasonable investigation, Answering Defendants are unable to admit or deny said allegation and same is therefore denied.  Strict proof thereof is demanded at the time of trial.

72.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

73.     Denied.  Strict proof thereof is demanded at the time of trial.

74.     Denied.  Strict proof thereof is demanded at the time of trial.

75.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

## COUNT II
## PLAINTIFF vs. KIDSPEACE
## RETALIATION UNDER THE ADA

76.     Answering Defendants incorporate by reference their answers to paragraphs 1 through 75 of Plaintiff's Second Amended Complaint as though the same were more fully set forth herein at length.

77.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

78.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

79.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

80.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

81.     Denied.  Strict proof thereof is demanded at the time of trial.

## COUNT III
## PLAINTIFF vs. KIDSPEACE
## VIOLATION OF THE PHRA

82.     Answering Defendants incorporate by reference their answers to paragraphs 1 through 81 of Plaintiff's Second Amended Complaint as though the same were more fully set forth herein at length.

83.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

84.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

85.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

86.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

87.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

## COUNT IV
## PLAINTIFF vs. KIDSPEACE
## RETALIATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT

88.     Answering Defendants incorporate by reference their answers to paragraphs 1 through 87 of Plaintiff's Second Amended Complaint as though the same were more fully set forth herein at length.

89.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

90.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

91.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

92.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

93.     Denied.  Strict proof thereof is demanded at the time of trial.

## COUNT V
## PLAINTIFF vs. KIDSPEACE
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT ("FMLA")

94.     Answering Defendants incorporate by reference their answers to paragraphs 1 through 93 of Plaintiff's Second Amended Complaint as though the same were more fully set forth herein at length.

95.     Denied as stated.  It is admitted that Plaintiff took eight sick days from October 26, 2007 through November 6, 2007.  It is further admitted that the reason given by Plaintiff's doctor for Plaintiff's absences was bronchitis, possible pneumonia, severe cough and vomiting.   As to whether the above conditions constitute a serious medical condition that is a conclusion of law to which no answer is required and strict proof thereof is demanded at the time of trial.  Further, as to whether Plaintiff's leave required multiple doctor visits (more than two) and whether Plaintiff was incapacitated for more than three days as a result of same, after reasonable investigation, Answering Defendants are unable to admit or deny said allegations and same are therefore denied. Strict proof thereof is demanded at the time of trial.

96.     This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

97.     Denied as stated.   It is admitted only that upon Plaintiff's return to employment from sick leave (from October 26, 2007 to November 6, 2007), Plaintiff was issued a warning for excessive absenteeism.  It is denied that Plaintiff was disciplined for taking FMLA sick leave.  Strict proof thereof is demanded at the time of trial.  As to

whether Plaintiff's absence constituted FMLA protected sick leave, that is a conclusion of law to which no answer is required.   To the extent an answer is required, that averment is denied and strict proof thereof is demanded at the time of trial.

98.    Denied.  Strict proof thereof is demanded at the time of trial.

99.    This averment is a conclusion of law to which no answer is required.   To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

100.    Denied.  Strict proof thereof is demanded at the time of trial.

101.    Denied.  Strict proof thereof is demanded at the time of trial.

102.    Denied.  Strict proof thereof is demanded at the time of trial.

103.    This averment is a conclusion of law to which no answer is required.   To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

104.    Denied as stated.  It is admitted only that Plaintiff returned to work on November 26, 2007.  It is denied that Plaintiff was out of work due to depression and bipolar disorder.  It is denied that Plaintiff was disciplined for taking leave.   It is admitted only that Plaintiff was disciplined by Breiner and Baer for excessive absenteeism and failure to provide a written doctor's excuse.

105.    This averment is a conclusion of law to which no answer is required.   To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

14

106.    This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

107.    Denied.  Strict proof thereof is demanded at the time of trial.

108.    Denied.  Strict proof thereof is demanded at the time of trial.

109.    Denied.  Strict proof thereof is demanded at the time of trial.

110.    Denied.  Strict proof thereof is demanded at the time of trial.

111.    This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

112.    Denied.  Strict proof thereof is demanded at the time of trial.

113.    This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

114.    This averment is a conclusion of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

## COUNT VI
## PLAINTIFF vs. ROBERT BREINER and SCOTT BAER
## AIDING AND ABETTING
## DISCRIMINATION AND RETALIATION UNDER THE PHRA

115.    Answering Defendants incorporate by reference their answers to paragraphs 1 through 114 to Plaintiff's Second Amended Complaint as though the same were more fully set forth herein at length.

116.    This averment is a conclusion of law to which no answer is required. To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

117.    Denied. Strict proof thereof is demanded at the time of trial.

118.    Denied. Strict proof thereof is demanded at the time of trial.

119.    Denied. Strict proof thereof is demanded at the time of trial.

120.    This averment is a conclusion of law to which no answer is required. To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

## PUNITIVE/LIQUIDATED DAMAGES

121.    Answering Defendants incorporate by reference their answers to paragraphs 1 through 120 to Plaintiff's Second Amended Complaint as though the same were more fully set forth herein at length.

122.    Denied. Strict proof thereof is demanded at the time of trial.

123.    Denied. Strict proof thereof is demanded at the time of trial.

124.    Denied. Strict proof thereof is demanded at the time of trial.

125.    Denied.  Strict proof thereof is demanded at the time of trial.

126.    Denied.  Strict proof thereof is demanded at the time of trial.

## V.    PRAYER FOR RELIEF

127.    Answering  Defendants  incorporate  by  reference  their  answers  to paragraphs 1 through 126 to Plaintiff's Second Amended Complaint as though the same were more fully set forth herein at length.

**WHEREFORE,** Answering Defendants demand judgment in their favor and against Plaintiff, plus court costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants acted at all times in good faith and for legitimate purposes.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff suffered no damages or injuries for which Defendants are liable.

### FOURTH AFFIRMATIVE DEFENSE

Defendants' actions were not based on any impermissible motive.

### FIFTH AFFIRMATIVE DEFENSE

Defendants' actions were for legitimate, non-discriminatory reasons.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the court lacks subject matter jurisdiction.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff did not suffer from either a serious or chronic health condition.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff was not eligible for FMLA leave.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants acted at all times in good faith and for legitimate, non-discriminatory purposes.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants' actions at all times were in compliance with the laws of the United States of America and the Commonwealth of Pennsylvania.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not a qualified individual with a disability.

## <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

At no time relevant or material to the within cause of action, did Defendants have any intent to discriminate against Plaintiff.

**WHEREFORE,** Answering Defendants demand judgment in their favor and against Plaintiff, plus court costs and attorneys' fees.

TALLMAN, HUDDERS & SORRENTINO

By:    */s/ Steven E. Hoffman*
        Steven E. Hoffman, Esquire
        Attorney ID No. 63911
        George C. Hlavac, Esquire
        Attorney ID No. 77637
        1611 Pond Road, Suite 300
        Allentown, PA  18104-2258
        Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

ROBERT L. LEON,                    :
                                   :
        Plaintiff,                 :        No. 09-CV-3872
                                   :
        v.                         :
                                   :
KIDSPEACE CHILDREN'S               :
HOSPITAL, ROBERT BREINER           :
AND SCOTT BAER                     :
                                   :
        Defendants.                :

## CERTIFICATE OF SERVICE

I, Steven E. Hoffman, Esquire, do hereby certify that a true and correct copy of

the foregoing Answer and Affirmative Defenses to Plaintiff's Second Amended

Complaint was filed electronically on March 3, 2010 with the Court and is available for

viewing and downloading from the ECF System.


                    By:     /s/ Steven E. Hoffman
                            Steven E. Hoffman, Esquire
                            Attorney I.D. No. 63911
                            1611 Pond Road, Suite 300
                            Allentown, PA  18104-2258
                            Attorney for Defendants