**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT L. LEON,** | : | **CIVIL ACTION** |
|     **Plaintiff,** | : | |
| | : | **No.: 09-CV-3872** |
| **v.** | : | |
| | : | |
| | : | |
| **KIDSPEACE CORPORATION d/b/a** | : | |
| **KIDSPEACE CHILDREN'S HOSPITAL,** | : | |
| **ROBERT BREINER and** | : | |
| **SCOTT BAER** | : | |
|     **Defendants.** | : | **JURY TRIAL DEMANDED** |

**REPORT OF RULE 26(f) CONFERENCE**
**AND PROPOSED CASE MANAGEMENT ORDER**

In accordance with Federal Rule of Civil Procedure 26 (f), counsel for the parties conferred on March 19, 2010 and submit the following report of their meeting for the Court's consideration:

1. **Discussions of Claims, Defenses and Relevant Issues**

**Plaintiff's Discussions of Claims, Defenses and Relevant Issues:**

Plaintiff has an ADA-recognized disability, which disability was known to Defendants. Plaintiff asked for reasonable accommodation in the form of leave for his disability. Defendants did not engage in the "interactive process" under the ADA in order to determine if Plaintiff's leave request was "unduly burdensome" and/or whether Plaintiff's leave request rendered him unqualified for his essential job functions. Rather, Defendants terminated Plaintiff as a result of his need for and request for ADA qualified leave. In addition, Plaintiff was entitled to FMLA leave and was retaliated against due to exercising his rights under the

FMLA.

**Defendants' Discussions of Claims, Defenses and Relevant Issues:**

Plaintiff was not disabled under the ADA or PHRA.  Further, assuming, *arguendo*, Plaintiff was disabled, Defendant was not aware of his disability or his alleged desire for an accommodation.  At the time of his hire, Mr. Leon did not inform of any alleged disability in his application or during the interview process.  Conversely, Plaintiff took sporadic sick leave during his tenure with Defendant, however, the reasons for the sick leave varied from a rash, to two bouts with "possible pneumonia", to stomach ulcers, to generally being "under care".  Plaintiff never informed Defendant that he was restricted in any manner in his ability to perform his job. Therefore, as there is no proof that proof that Defendant acted with knowledge or awareness of Plaintiff's alleged disabilities or his desire for accommodations for those alleged disabilities he cannot establish a claim for discrimination under the ADA or PHRA.  Defendant can also establish a legitimate, non-discriminatory reason for Plaintiff's termination.

Additionally, Plaintiff did not request nor was he entitled to FMLA leave during his employment with Defendant.  Accordingly, Plaintiff cannot establish a claim under the FMLA.

2. **Information Disclosures**

The parties have exchange their initial disclosures in accordance with this Court's Order.

3. **Formal Discovery**

a. All amendments to the pleadings shall be filed by April 20, 2010.

    b.     All fact discovery shall be completed by September 15, 2010.

    c.     Plaintiff shall identify any person(s) whom they intend to call as an expert witness at trial and serve such witness(es)' report(s) upon the Counsel for Defendants on or before September 15, 2010.

    d.     Defendants shall identify any person(s) whom they intend to call as an expert witness at trial and serve such witness(es)' report(s) upon the Counsel for Plaintiff on or before October 15, 2010.

    e.     The parties may conduct expert discovery, to be completed by November 15, 2010.

    f.     Any dispositive motions shall be filed and served on or before December 15, 2010.

    g.     This case shall be placed in the Trial Pool on or after January 15, 2011.

4. **Electronic Discovery**

The parties do not anticipate the need for any special management related to discovery of electronically stored information ("ESI") at this time. In the event that production of ESI in other forms becomes necessary, the parties will collaborate to facilitation the production, and in the event of the parties' inability to do so, will seek intervention of the Court. Further, any party responding to requests for ESI which has elected to produce ESI in hard copy form, will make ESI available in electronic format upon request of the other party.

5. **Expert Witness Disclosures**

Medical expert witnesses are expected to testify on behalf of Plaintiff. These experts will consist of Plaintiff's treating physicians for his mental disabilities and for his serious medical condition.

**Defendant anticipates requesting Plaintiff to undergo an independent medical evaluation and a vocational evaluation.**

6. **Early Settlement or Resolution**

**Plaintiff and Defendant have engaged in settlement discussions in an attempt to resolve this matter prior to incurring significant discovery expenses.**

7. **Trial**

Plaintiff requests that the matter be set for jury trial after the conclusion of the discovery period.

8. **Other Matters**

Plaintiff will seek a stipulation that Mr. Leon suffered a serious medical condition during his employment; and that he was diagnosed with a disability during the entire term of his employment.

**It is anticipated that Defendant will not agree to such a stipulation.**

Respectfully submitted:

| | |
|---|---|
| gsk5697 | agreed to per conversation |
| George S. Kounoupis, Esquire | Steven E. Hoffman, Esquire |
| Hahalis & Kounoupis, P.C. | Tallman Hudders & Sorrentino, P.C. |
| 20 E. Broad Street | 1611 Pond Road |
| Bethlehem, PA 18018 | Suite 300 |
| | Allentown, PA 18104 |